UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Albert R. Kuperman


   v.                                         Civil No. 08-cv-513-SM


Commissioner, New Hampshire
Department of Corrections, et al.


**O R D E R**


    Pro se plaintiff Albert R. Kuperman brings this action, pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq. ("RLUIPA"), alleging violations of his rights under the First and Fourteenth Amendments to the United State Constitution and federal statutory law (document nos. 1 and 7-11).  He seeks injunctive, declaratory and monetary relief against the following defendants in their individual and official capacities: William Wrenn, Commissioner of the New Hampshire Department of Corrections ("NHDOC"); Richard M. Gerry, Warden of the New Hampshire State Prison ("NHSP"); Jim Daly, NHSP Chaplin; and NHSP corrections officers Britton and Samson.

    The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon

which relief may be granted.  See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons stated in the report and recommendation issued simultaneously herewith, I find that Kuperman has alleged the following claims: (1) First Amendment claims alleging denial of free exercise of religion against Wrenn and Gerry; (2) First Amendment retaliation claims against Britton and Samson; (3) Fourteenth Amendment equal protection claims against Gerry; and (4) RLUIPA claims against Wrenn and Gerry.  I recommend dismissal of all remaining claims.  I further recommend that Kuperman's motion for subpoena be denied without prejudice to refiling at a later date should circumstances warrant renewal (document no. 5).

As I find that plaintiff has stated claims upon which relief may be granted, I order the complaint to be served on Wrenn, Gerry, Britton and Samson.  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the Agreement On Acceptance Of Service, copies of this order and the complaint (document nos. 1 and 7-11).  See LR 4.3(d)(2)(c).  Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of

Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants.  The Clerk's office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or

their attorneys, pursuant to Fed. R. Civ. P. 5(b).

    **SO ORDERED.**

                                      /s/ James R. Muirhead
                                      James R. Muirhead
                                      United States Magistrate Judge

Date: April 7, 2009

cc:   Albert R. Kuperman, pro se

4